USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-26-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
CUSTODIA ATHENA A/S,              :
                                  :
            Plaintiff,            :
                                  :        08 Civ. 10747(JSR)
      -v-                         :
                                  :        ORDER
STARLING MARITIME LTD., et al.,   :
                                  :
            Defendants.           :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

    Plaintiff Custodia Athena A/S commenced the instant Rule B action to attach defendants' property and secure a potential London arbitration award for defendants' alleged breach of a sales agreement for the vessel M/V Custodia Athena. Defendants Strand International S.A. and Champ International Inc. now move to vacate the attachment and dismiss the case, arguing that maritime jurisdiction does not properly lie in this case. The Court agrees, and hereby grants the motion to vacate and dismiss the action.

    Longstanding Second Circuit precedent, never overruled, holds that a contract for the sale of a ship is not maritime in nature, and is thus not within the Court's maritime jurisdiction. See, e.g., The Ada, 250 Fed. 194 (2d Cir. 1918); Polestar Mar. Ltd. v. Nanjing Ocean Shipping Co., No. 09 Civ. 2673, 2009 U.S. Dist. LEXIS 32548 (S.D.N.Y. Apr. 14, 2009 (collecting cases); see also Cupid Shipping PTE Ltd. v. Tecno Oil Ltd., No. 09 Civ. 120, 2009 U.S. Dist. LEXIS 28842 (S.D.N.Y. Mar. 18, 2009); Optimum Shippings & Trading S.A. v. Prestige Marine Servs. PTE Ltd., No. 08 Civ. 9533, 2009 WL 497341 (S.D.N.Y. Feb. 26, 2009); Vrita Marine Co. LTD. v. Seagulf Trading

LLC, 572 F. Supp. 2d 411 (S.D.N.Y. 2008); Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 675 F. Supp. 146, 150 (S.D.N.Y. 1987), aff'd 875 F.2d 388, 391 n.5 (2d Cir. 1989); Economou v. Bates, 222 F. Supp. 988, 991 (S.D.N.Y. 1963). Here, because the instant dispute arises out of defendants' alleged breach of a contract for the sale of a ship, maritime jurisdiction does not properly lie.

Accordingly, defendants' motion to vacate the attachment is granted and the case is hereby dismissed. The Court will retain jurisdiction, however, for the limited purpose of deciding plaintiff's request for a stay of the vacatur, which will be briefed and argued on the following schedule: moving papers must be served and filed on 5/22/09, answering papers on 5/29/09, reply papers on 6/1/09, and oral argument on 6/4/09 at 5:00.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         May 21, 2009